```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARLENE KORMAN,                  :    CIVIL ACTION
                                 :    NO. 07-1557
            Plaintiff,           :
                                 :
      v.                         :
                                 :
THE WALKING COMPANY,             :
                                 :
            Defendant.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                AUGUST 28, 2007

Plaintiff Marlene Korman[1] brings this putative class action against Defendant The Walking Company for alleged violations of the Fair and Accurate Credit Transactions Act of 2003 (FACTA). In relevant part, FACTA, a subset of the Fair Credit Reporting Act (FCRA), requires retailers, on the electronically printed receipts provided to customers, to eliminate specified portions of the customers' credit card information.

Below is a recitation of the allegations in the complaint, which, while simple, both mirror the allegations in numerous complaints recently filed throughout the country and readily

---

[1] Ms. Korman is also the plaintiff in Korman v. Body Shop, Inc., Civil Action No. 07-1928 (E.D. Pa. filed May 11, 2007), currently pending before Judge Davis.  There are at least a dozen putative class actions premised on this section of FACTA, and reciting almost identical facts, currently pending in this District.

withstand a motion to dismiss.

A consumer purchases an item or service at a store. The store issues the consumer a receipt. The receipt contains at least 5 digits of the consumer's credit card number and/or the expiration date of the consumer's credit card. The consumer then brings suit under FACTA, alleging in her complaint that the store acted in "reckless disregard" of FACTA--FACTA's requirement of "willfull[ness]" includes "reckless disregard of statutory duty," Safeco Ins. Co. of Am. v. Burr, 127 S. Ct. 2201, 2208 (2007)-- because (1) Congress gave stores a three-year window to come into compliance, (2) VISA and MasterCard sent stores notification of FACTA's requirements, and (3) most of the defendant's peers and competitors came into compliance.

Here, Defendant asserts three arguments why Plaintiff's complaint should be dismissed. None of the arguments are convincing. First, Defendant argues under Federal Rule of Civil Procedure 12(b)(1) that Plaintiff lacks standing because she does not allege that she suffered an actual injury, i.e., that she was the victim of identity theft. Second, Defendant argues under Federal Rule of Civil Procedure 12(b)(6) that, under the language of FACTA, its printing of Plaintiff's credit card expiration date did not violate FACTA. Finally, and relatedly, Defendant argues under Rule 12(b)(6), citing to Safeco, that it could not have "willfully" violated FACTA because FACTA is open to more than one

interpretation, and the interpretation used by Defendant was a reasonable one.

I.  BACKGROUND

In 2003, in order to help combat identity fraud, Congress enacted FACTA as part of the FCRA.  FACTA gave businesses three years to come into compliance; the statute went into effect on December 4, 2006.  15 U.S.C. § 1681c(g)(3)(A).  FACTA provides in relevant part:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

The statute provides that businesses that violate FACTA are liable to consumers for either "actual damages" or statutory damages between $100 and $1,000:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 . . . .

15 U.S.C. § 1681n(a)(1)(A).

Plaintiff alleges that on March 25, 2007, she made a

purchase using her VISA check card[2] at Defendant's store at the Oxford Valley Mall in Langhorne, Pennsylvania. She alleges Defendant provided her with a receipt that contained 4 digits from her credit card account number and also contained her credit card's expiration date.[3]

In its answer, Defendant does not dispute that Plaintiff was provided a receipt that contained 4 credit card digits and the credit card's expiration date. Moreover, Defendant states that 1,677 customers made credit card purchases at the store between December 15, 2006 (when the store opened) and March 28, 2007 (when the store finished updating its software to avoid printing

---

[2] Although Plaintiff used a "check card," which is presumably a "debit card" as contemplated in the statute, for the sake of clarity and reference to opinions by other courts that have considered similar FACTA cases, the Court will refer to the card at issue as a "credit card."

[3] Some clarification with regard to the credit card digits is in order. Plaintiff alleges on behalf of the putative class that receipts from Defendant's store contain both 5 credit card digits and the credit card's expiration date. However, Plaintiff alleges that her receipt contained 4 digits and the expiration date.

But the statute prohibits the printing of more than 5 digits, i.e. 6+ digits. (As discussed in Section II.B.2, infra, the statute also prohibits the printing of the expiration date.)

At this stage of the litigation (before class certification has been decided), the only relevant plaintiff is Ms. Korman. Moreover, at the motion to dismiss stage, the Court accepts Ms. Korman's factual allegations as true. Therefore, in deciding Defendant's motion to dismiss, the Court will accept as true that Plaintiff received a receipt from Defendant that contained 4 credit card digits and the credit card's expiration date.

the offending information on the receipts).

II.  MOTION TO DISMISS

  A.  <u>Motion to Dismiss Standards</u>

   1.  <u>Rule 12(b)(1)</u>

A Rule 12(b)(1) motion seeks dismissal due to the lack of subject matter jurisdiction.  Before a federal court can consider the merits of a legal claim, "the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."  <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990).  To satisfy Article III's[4] standing requirements, a plaintiff must allege:

> (1) [an] injury in fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) [that] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

<u>Danvers Motor Co. v. Ford Motor Co.</u>, 432 F.3d 286, 290-91 (3d Cir. 2005) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)).  "Plaintiffs bear the burden of proving standing."  <u>Storino v. Borough of Point Pleasant Beach</u>, 322 F.3d 293, 296 (3d Cir. 2003).

---

[4] While standing doctrine encompasses both constitutional and prudential standing, here Defendant argues only that Plaintiff lacks <u>constitutional</u> standing.

Here, Defendant only quarrels with the requirement that Plaintiff have suffered an "injury."

### 2. Rule 12(b)(6)

"A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, 'accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom' there is no reasonable reading upon which the plaintiff may be entitled to relief." Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006) (quoting Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)). To withstand a 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations, quotation marks, and alterations omitted).

### B. Analysis

#### 1. Standing

Defendant argues that Plaintiff has not alleged that she

suffered an "injury," and thus, under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), Plaintiff lacks standing to pursue this suit.  Defendant, however, confuses "injury" with "harm."

A statute itself may create a legal right, the invasion of which causes an injury sufficient to create standing.  Worth v. Seldin, 422 U.S. 490, 500 (1975).  Defendant argues that Lujan abrogated Worth on this point.  Such is not the case.  Lujan itself recognized that, to properly allege an "injury in fact" for standing purposes, the plaintiff must allege that she suffered "an invasion of a legally protected interest which is . . . concrete and particularized."  Lujan, 504 U.S. at 560.

Plaintiff's allegation here is that she has a legally protected interest in receiving a receipt from a merchant with certain of her credit card information omitted and that Defendant injured her when it handed her a receipt with the offending information on it.  This allegation is sufficient to confer standing.

Being handed a receipt that omits certain of one's credit card information is a legally protected interest created by FACTA.  See Ehrheart v. Lifetime Brands, Inc., -- F. Supp. 2d --, 2007 WL 2141979, at *2 (E.D. Pa. July 20, 2007) ("FACTA . . . created a right to electronically printed receipts that truncate the consumer's credit card number and which do not print the expiration date of the consumer's credit card.").  When one is

7

handed a receipt that does <u>not</u> omit the offending information, one suffers an injury. Such an injury is sufficient to confer standing. <u>See</u> <u>id.</u> ("The Complaint alleges that [the d]efendant gave [the plaintiff] a receipt, or receipts, which violated FACTA by printing more than the last five digits of her credit card or debit card number and/or printed the expiration date of her credit card. That is an injury under FACTA.").

Plaintiff need not allege that she suffered any actual harm, that someone stole her identity. Indeed, Congress implied that some consumers might not suffer "actual damages" for FACTA violations: Congress provided that consumers may receive "statutory damages." 15 U.S.C. § 1681n(a)(1)(A).

Therefore, Plaintiff has standing to bring this suit, and Defendant's motion to dismiss under Rule 12(b)(1) will be denied.

### 2. <u>Plain Reading of the Statute</u>

Defendant argues that, accepting Plaintiff's allegations as true, Defendant did not violate FACTA. For this proposition, Defendant relies on a tortured reading of the statute. The Court rejects this "alternate" reading and holds that the statute is clear on its face: a retailer violates FACTA by printing on a receipt 6+ digits of a credit card account number <u>or</u> the credit card's expiration date.

FACTA reads in relevant part:

8

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

Defendant contends that a plausible reading of the statute is that businesses are prohibited from printing 6+ digits <u>and</u> the expiration date. Under this reading, a business does not run afoul of FACTA if it prints 6+ digits (but not the expiration date) or if it prints the expiration date (but not 6+ digits). This is a tortured reading of the statute.[5]

The disjunctive "or" means "or," not "and."[6] A business

---

[5] The statute is clear. However, as a practical matter, it makes little sense for Congress to forbid the printing of expiration dates on receipts without some accompanying restriction on credit card digits. If no credit card digits are printed, it is highly unlikely, if not impossible, for a thief to steal someone's identity with just an expiration date. Of course, 4 digits and an expiration date might allow a thief to steal the identity. Nevertheless, the plain language of the statute, while perhaps "odd," is not "absurd," and thus must be given full effect. See <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 565 (2005).

[6] The Court is mindful of the Third Circuit's explanation of DeMorgan's Theorem:

> Whether requirements in a statute are to be treated as disjunctive or conjunctive does not always turn on whether the word "or" is used; rather it turns on context. For example, if a statute provides that "no cars or motorcycles are allowed in the park," a person trying to keep a vehicle out of the park need only show that the vehicle is either a car or a motorcycle. From that perspective the statute is disjunctive. On the other hand, a person trying to bring a vehicle into the

cannot print 6+ digits <u>or</u> the expiration date.  In other words, printing 6+ digits violates FACTA.  Also, printing the expiration date violates FACTA.  See <u>Pirian v. In-N-Out Burgers</u>, 2007 WL 1040864, at *3 (C.D. Cal. Apr. 5, 2007) ("Section 1681c(g)'s plain language makes it clear that the statute prohibits both the printing of more than the last five digits of the card number and the printing of the expiration date.  The 'or' simply puts merchants on notice that a violation of this statute occurs if they print either of these prohibited items--the expiration date or the last five digits of the card number."); <u>Lopez v. Gymboree Corp.</u>, 2007 WL 1690886, at *3 (N.D. Cal. June 9, 2007) ("[Section 1681c(g)(1)] requir[es] both truncation of credit card numbers <u>and</u> suppression of expiration dates." (emphasis in original)).  Every other court to consider the issue (as far as was presented to this Court) has come to the conclusion that the statute is not vague or ambiguous and that it means a business cannot print 6+

---

    park must show both that it is not a car and that it is not a motorcycle.  From that perspective, the statute is conjunctive.  Depending on the relevant context, a disjunctive test can always be reformulated as a conjunctive one.

<u>United States v. One 1973 Rolls Royce</u>, 43 F.3d 794, 815 (3d Cir. 1994).

    Here, to bring a successful suit under FACTA, the consumer must show that she was given a receipt with <u>either</u> 6+ credit card digits <u>or</u> the credit card's expiration date.  To successfully defend a suit under FACTA, the merchant must show that it provided a receipt with <u>both</u> 5 or fewer credit card digits <u>and</u> no expiration date.

digits <u>or</u> the expiration date.  <u>See</u> <u>Iosello v. Leiblys, Inc.</u>, -- F. Supp. 2d --, 2007 WL 2398474 (N.D. Ill. Aug. 22, 2007); <u>Blanco v. El Pollo Loco, Inc.</u>, 2007 WL 1113997 (C.D. Cal. Apr. 3, 2007); <u>Aeschbacher v. Cal. Pizza Kitchen, Inc.</u>, 2007 WL 1500853 (C.D. Cal. Apr. 3, 2007).  And the FTC agrees, in the guidance it provided to retailers:

> You may include no more than the last five digits of the card number, and you must delete the card's expiration date.  For example, a receipt that truncates the credit card numbers and deletes the expiration date could look like this:
> ACCT: ***********12345
> EXP: ****

Bureau of Consumer Protection, Federal Trade Commission, <u>Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts</u> (May 2007).

"We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete."  <u>Barnhart v. Sigmon Coal Co.</u>, 534 U.S. 438, 461-62 (2002).  The statute is clear on its face.

Plaintiff's complaint alleges that her receipt contained her credit card's expiration date.  This is all FACTA requires.  Therefore, Plaintiff has adequately pled a violation of FACTA.

       3.  <u>"Willfulness"</u>

>    FACTA provides for damages for "willful[]" violations:
>
>    Any person who willfully fails to comply with any
>    requirement imposed under this subchapter with respect
>    to any consumer is liable to that consumer . . . .

15 U.S.C. § 1681n(a)(1)(A).

Here, Defendant makes an argument that is related to the plain reading of the statute, see Section II.B.2, supra. Defendant argues that, while its reading of the statute may be incorrect, its reading is nonetheless a plausible one and thus, under Safeco, it could not have acted in reckless disregard of FACTA.  Defendant's argument fails for two reasons, one procedural and one substantive.

First, this consideration is inappropriate at the motion to dismiss stage.  Defendant does not contest that Plaintiff adequately pled "willfulness" under the liberal notice-pleading standard of Rule 8.  Rather, Defendant argues that because its reading is plausible, it could not have violated the statute. Defendant's imploration of the Court to determine whether Defendant's interpretation was "reasonable" is inappropriate here: at the motion to dismiss stage, the Court's only role is to determine whether the complaint is sufficient.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994) ("In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of

the record."). (In Safeco, the district courts had granted summary judgment to the defendants. 127 S. Ct. at 2207.)

Second, looking to the merits of Defendant's argument, its reading of the statute is not reasonable. In Safeco, the Supreme Court held that Safeco's reading of one of the provisions of the FCRA "was not objectively unreasonable," and thus Safeco's actions did not "raise[] the 'unjustifiably high risk' of violating the statute necessary for reckless liability." 127 S. Ct. at 2216. In Safeco, while the Supreme Court disagreed with Safeco's reading, it held that the reading "ha[d] a foundation in the statutory text," and that the reading was "sufficiently convincing" that the district court adopted it. Id. Neither predicate is present here. As discussed above, Defendant's reading of the statute has no basis in the statutory text; the statute is clear. In addition, Defendant's reading of the statute is far from "convincing": it has not garnered the support of even one court. In fact, the FTC has rejected this "alternate" reading, see Bureau of Consumer Protection, Federal Trade Commission, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts (May 2007)[7], as has every court to which this "alternate" reading of

---

[7] Of course, the FTC's guidance was issued in May 2007, well after FACTA came into effect and Plaintiff here received the offending credit card receipt. The fact that the FTC agrees with the clear language of the statute merely demonstrates that no authority has found an alternate reading of the statute, not that

13

the statute has been put, see, e.g., Lopez, 2007 WL 1690886; Pirian, 2007 WL 1040864; Aeschbacher, 2007 WL 1500853; Blanco, 2007 WL 1113997; Clark v. Marshalls of MA, Inc., 2007 WL 1100412 (C.D. Cal. Mar. 12, 2007).  In short, the statutory text here is not, as was the case in Safeco, "less than pellucid."  127 S. Ct. at 2216.

Therefore, Plaintiff has adequately pled "willfulness" to withstand a challenge under Rule 12(b)(6).


III.  CLASS ALLEGATIONS

Defendant has moved to strike class allegations (doc. no. 8), and Plaintiff has moved for an extension of time to file its motion for class certification (doc. no. 10).

Defendant's motion to strike is made under Rule 23(d)(4), which provides:

> In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly . . . .

Fed. R. Civ. P. 23(d)(4).

A motion to strike class allegations under Rule 23(d)(4) seems, for all practical purposes, identical to an opposition to a motion for class certification.  Several district courts have

---

Defendant was on notice of the FTC's position.

held that Rule 23(d)(4) motions to strike class allegations are premature and that the proper avenue is to oppose the plaintiff's motion for class certification. See, e.g., Beauperthuy v. 24 Hour Fitness USA, Inc., 2006 WL 3422198 (N.D. Cal. Nov. 28, 2006); Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006) ("Defendant . . . moves to strike Plaintiff's class allegations . . . . Plaintiff counters and, in an opposition that reads like a motion for class certification, argues that her class allegations meet the standard set forth in the Federal Rules of Civil Procedure.  Both parties are getting ahead of themselves.").  Indeed, Wright & Miller note that courts usually employ Rule 23(d)(4) to strike class allegations <u>after</u> the court has determined, under Rule 23(c)(1), that maintenance of a class action is inappropriate.  7B Charles Alan Wright et al., Federal Practice & Procedure § 1795 (3d ed. 2005).  In other words, Rule 23(d)(4) is the procedural mechanism for striking class allegations from the complaint <u>once the Court determines that maintenance of the action as a class is inappropriate</u>.

The Beauperthuy court was instructive in an almost identical situation:

> Rule 23 applies to class actions.  As the Court has yet to address whether the part of Plaintiffs' action brought under Rule 23 may proceed as a class action, Rule 23(d)(4) has no application to the present situation before it.
>
>      . . . [T]he bulk of Defendants' arguments in favor of its Motion are actually arguments against class

> certification.  It would be improper to allow
> Defendants to slip through the backdoor what is
> essentially an opposition to a motion for class
> certification before Plaintiffs have made such a motion
> and when discovery on the issue is still on-going.

2006 WL 3422198, at *3.

Defendant cites a couple of cases that hold that, if the issues are clear and discovery on class certification is unnecessary, the Court _may_ treat a motion to strike under Rule 23(d)(4), and its opposition, as a motion for class certification and _its_ opposition.  See Thomas v. Moore USA, Inc., 194 F.R.D. 595, 597 (S.D. Ohio 1999); Bennett v. Nucor Corp., 2005 WL 1773948, at *2 (E.D. Ark. July 6, 2005).  But the Court declines to go down such a path.  There is no good reason for this case not to proceed down the normal path, i.e., with the Court setting a deadline for Plaintiff to file a motion for class certification and the parties litigating the propriety of maintaining the action as a class under the traditional Rule 23(c) rubric.

Defendant's motion to strike class allegations is premature, and will be denied.  Relatedly, Plaintiff's motion for an extension of time to file her motion for class certification[8]

---

[8] Federal Rule 23(c)(1)(A) provides that "the court must--at an early practicable time--determine by order whether to certify the action as a class action."  Local Rule 23.1(c) provides that the plaintiff shall move for class certification within 90 days of filing the complaint, "unless this period is extended on motion for good cause appearing."

16

will be taken up at the upcoming status and scheduling conference.

IV.  CONCLUSION

Defendant's motion to dismiss will be denied.  Defendant's motion to strike class allegations will be denied.  Plaintiff's motion to extend the time to move for class certification will be taken under advisement.

An appropriate Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARLENE KORMAN,                 :     CIVIL ACTION
                                :     NO. 07-1557
          Plaintiff,            :
                                :
     v.                         :
                                :
THE WALKING COMPANY,            :
                                :
          Defendant.            :
```

**ORDER**

**AND NOW**, this **28th** day of **August 2007**, after a hearing on the record on August 24, 2007, for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendant's motion to dismiss (doc. no. 9) is **DENIED.**

It is further **ORDERED** that Defendant's motion to strike class allegations (doc. no. 8) is **DENIED.**

It is further **ORDERED** that Plaintiff's motion for extension of time to file motion for class certification (doc. no. 10) is **TAKEN UNDER ADVISEMENT.**

It is further **ORDERED** that Defendant shall file an answer to Plaintiff's complaint by **September 7, 2007.**

It is further **ORDERED** that a status and scheduling conference will be held on **Friday, September 14, 2007, at 10:30 a.m.,** in Courtroom 11A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**AND IT IS SO ORDERED.**

                                           **S/Eduardo C. Robreno**
                                           **EDUARDO C. ROBRENO, J.**